## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 17-cr-00355-1 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| VINCENT AVILA | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Vincent Avila files his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2); § 1B1.10 of the U.S. Sentencing Guidelines ("U.S.S.G." or the "Guidelines"); and Amendment 821 Part B Subpart 1 ("Adjustment for Certain Zero-Point Offenders," designated at § 4C1.1). The government opposes this motion. Because the Adjustment for Certain Zero-Point Offenders does not apply to him, the Court denies Defendant's motion for sentence reduction under Amendment 821 Part B without prejudice.

**Background**

The Court credits and restates the government's uncontroverted version of the relevant background facts to the extent that it is supported by the record.

On October 26, 2017, Defendant was charged by a grand jury with five counts; one for being a felon in possession of a firearm in 2016 (Count One), and four for distributing various controlled substances in 2016 (Counts Two through Five). (Dkt. 28.) Defendant pleaded guilty on March 22, 2019, to Count One and Count Four, the latter of which had a mandatory minimum term of ten years' imprisonment. (Dkt. 52.) The plea agreement calculated a criminal-history category of III. *Id.* The agreement identified no "status points" under the then-operative § 4A1.1(d) for committing the offenses while on a term of court supervision. *Id*

In the September 17, 2019 Presentence Investigation Report (PSR), the Probation Office similarly calculated a criminal-history category of III, based on Defendant's previous convictions for retail theft (one point) and possession of between 400 and 900 grams of cocaine (three points). (Dkt. 59.) As noted in the PSR, supervision for the retail-theft conviction ended in 2010; Defendant's sentence for the cocaine conviction was discharged in 2013 after his parole, several years before the 2016 offense conduct. *Id.* No "status points" were therefore assessed. *See id.* Neither the government nor Defendant objected to this calculation in their respective sentencing memoranda. *See* Dkt. 64 at *5 (government); Dkt. 65 at *3-4 (Defendant).

On November 26, 2019, the Court sentenced defendant to 15 months on Count One and 120 months on Count Four to run consecutive. (Dkt. 69.) Defendant is currently serving his sentence at the United States Penitentiary at Duluth, Minnesota, and his projected release date is December 26, 2025.

**Discussion**

Section 3582(c)(2) sets forth a two-step approach to determining sentence reductions. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 117 L. Ed. 2d 271 (2010). At the first step, the court must determine if the prisoner is eligible for a sentence modification and the extent of the reduction authorized under U.S.S.G. § 1B1.10. Then at the second step, the court must consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, "in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Defendant's motion fails at the first step. Section § 1B1.10(a)(2)(b) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) [including Amendment 821] does not have the effect of lowering the defendant's applicable

guideline range." Here, Defendant appears (1) to have been assessed no "status points" under the old supervision provision; and (2) to have not been a zero-point offender. The amendment thus has no effect on Defendant's applicable guideline range.

As such, the Adjustment for Certain Zero-Point offenders does not apply to Defendant, and he is not eligible for relief under Amendment 821 Part B.

**Conclusion**

The Court denies Defendant's motion for relief under Amendment 821 Part B without prejudice, as the Adjustment for Certain Zero-Point Offenders does not apply to the Defendant [89].

**IT IS SO ORDERED.**

Date: 12/17/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge